IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL J. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 3376 |
| ) | Paul E. Plunkett, Senior Judge |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nathaniel Martin ("Martin") brings this Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgement seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. Plaintiff claims that the Administrative Law Judge's (the "ALJ") decision to deny him benefits should be reversed and set aside because the ALJ erred in determining that Plaintiff could perform past relevant work. The Commissioner has also filed a Rule 56 motion for summary judgment, arguing that substantial evidence in the record supports the ALJ's finding. For the following reasons, we deny Martin's motion for summary judgment and grant the Commissioner's motion for summary judgment.

## Relevant Facts

Martin claims he has been disabled since January 27, 2003, the amended disability onset date. (R. at 199.) He was forty years old at that time and has been educated through the tenth grade. *Id.* at 12. He has not worked since 2000. *Id.* at 176. Excluding two positions in which he worked no more than a few days, Martin's most recent significant job was working as a fish tank delivery driver, which he did between February and August 2000. *Id.* at 93, 182. Between 1992 and 2000, Martin worked as a maintenance man at two apartment complexes. *Id.* at 93. In 1991, Martin worked as a circuit board checker in a factory. Between 1981 and 1991, Martin sporadically detailed automobiles. *Id.* Martin began using a cane several years ago without a prescription. *Id.* at 176. He complains of sleep apnea and migraine headaches. *Id.* at 177, 179. He also claims to suffer from constant pain in the lower back, which can travel down his left leg to his toes. *Id.* at 181.

Martin underwent an MRI on January 27, 2003, at Rush-Copely Medical Center. *Id.* at 120. The evaluating physician, Julia Bruckner, M.D., determined that Martin had "[d]egenerative disc disease with mild bulge at the L-4/L-5 level and mild stenosis...." *Id.* Between January and April 2003, Martin under went several physical examinations administered by Imelda Dawis, M.D. *Id.* at 122-127. Dr. Dawis diagnosed Martin with radiculopathy and neuropathy in the legs and chronic lower back pain. *Id.*

On April 24, 2003, Delano Zimmerman, M.D., a state agency examining physician, performed a functional capacity assessment on Martin. Dr. Zimmerman concluded that Martin can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand, walk, or sit for up to 6 hours each per 8-hour work day; occasionally climb stairs, stoop, kneel, crouch, and crawl; but should avoid concentrated exposure to extreme temperatures, wetness, noise, vibrations,

fumes, and heights. *Id.* at 128-135. Martin should also have limited pushing or pulling using the lower extremities. *Id.* at 129. This assessment classifies Martin as being able to perform "Light work."[1] Frank Jimenez, M.D., reviewed and affirmed this assessment. *Id.* at 135.

On March 23, 2003, Martin filed applications for Disability Insurance Benefits and Supplemental Security Income. *Id.* at 12. The claims were administratively denied and he requested a hearing. *Id.* A hearing was held on October 13, 2004, at which Martin and Stanley Hutton, ("Hutton") a vocational expert, testified. *Id. Id.* Hutton testified that a hypothetical person with Martin's restrictions could still perform light and unskilled work, like the kind he performed as a circuit board checker. *Id.*

On October 26, 2004, the ALJ decided that Martin "was not under a 'disability' under the Social Security Act." *Id.* at 15. The ALJ determined that Martin had a residual functional capacity ("RFC") to perform a wide range of light work. *Id.* at 14. He also determined that Martin's past "work as a circuit board checker did not require the performance of work-related activities precluded by [this] limitation," and Martin's "impairments do not prevent the claimant from performing his past relevant work." *Id.* at 14-15. On December 30, 2004, Martin requested a review of the ALJ's decision, which the Appeals Council denied on April 5, 2005. *Id.* at 5-8. On June 8, 2005, Martin instituted the present action appealing the ALJ's October 26, 2004 decision.

---

[1] "Light work" is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of leg controls." 20 C.F.R. § 404.1567 (2005).

## The Legal Standard

Our review of final decisions of the Commissioner (here, the ALJ) is deferential.[2] The Social Security Act establishes that findings as to any fact are conclusive if supported by substantial evidence and no error of law occurred. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (internal citation omitted). We do not reevaluate the facts, reweigh the evidence or substitute our own judgment for that of the ALJ. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## Discussion

This case centers upon the Social Security Administration's denial of disability benefits to Martin. Notwithstanding the denial, Martin believes he is still entitled to disability benefits, because he claims the ALJ's decision was not supported substantial evidence. To be entitled to disability benefits, a plaintiff's claim is analyzed under a five-step evaluation process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled . . . . (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1529, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . . (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 ("Appendix 1") of

---

[2] The ALJ's decision is the final decision of the Commissioner because the SSA Appeals Council denied Martin's request for review of the ALJ's decision. (R. at 5-7.) 20 C.F.R. § 404.981 (2005).

> this subpart[3] and meets the duration requirement, we will find that you are disabled. . . .(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . . (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled . . . .

20 C.F.R. 404.1520 (2005). See *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (clarifying application of the test).

Under the first three steps, the ALJ concluded that Martin was not engaged in substantial gainful activity, does have a severe medically determinable physical or mental impairment, but his impairment is not listed in Appendix 1. (R. at 12-13.) Neither party contends that the ALJ erred in his determination of these first three steps. Rather, Martin contests the ALJ's finding in step 4, in which the ALJ stated that Martin has the residual functional capacity ("RFC") to perform past relevant work.

To determine whether an individual has the RFC to perform past relevant work, a trier of fact must make specific findings of fact in his decision as to: (1) the individual's RFC; (2) the physical and mental demands of the past job; and (3) whether the individual's RFC would permit him to return to his past job. *Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991). In his opinion, the ALJ initially analyzed and weighed all the evidence in the record, thereafter concluding with three findings of fact as to the *Prince* factors. First, the ALJ determined that "[t]he claimant has the residual functional capacity to perform work-related activities except for work involving lifting and

---

[3] Appendix 1 is available in the Code of Federal Regulations at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2005).

carrying over 20 pounds, and performing work of a repetitive or strength nature with the lower extremities (20 CFR 404.1545 and 416.945)." (R. at 15.) Second, the ALJ determined that "[t]he claimant's past relevant work as a circuit board checker did not require the performance of work-related activities precluded by the above limitation(s) (20 CFR 404.1565 and 416.965)." *Id.* Finally, the ALJ determined that "[t]he claimant's impairments do not prevent the claimant from performing his past relevant work." *Id.* Because of these three findings of fact, the ALJ concluded that Martin was not under a disability and therefore not entitled to disability benefits. *Id.*

Martin raises two points upon which he believes the ALJ erred in his step 4 analysis. First, Martin argues that ALJ did not make a proper credibility determination in regards to his physical limitations and pain. Social Security Ruling 96-7p lists the standard by which the ALJ is to evaluate claimant's credibility:

> The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision. . . . The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p (1996). Put simply, this ruling and Seventh Circuit case law require an ALJ to "articulate specific reasons for discounting a claimant's testimony as being less than credible, and preclude an ALJ from 'merely ignoring' the testimony or relying solely on a conflict between the objective medical evidence and the claimant's testimony as a basis for negative credibility finding." *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005) (citations omitted).

In his opinion, the ALJ discussed Martin's pain and his inability to do much walking or heavy lifting. (R. at 13.) However, the clinical findings of Dr. Zimmerman, the state agency physician,

did not show "an impairment of disabling severity." *Id.* at 14. The ALJ stated that he had given "more weight" to Dr. Zimmerman's opinion and adopted that opinion as Martin's RFC, because there was no clinical evidence that contradicted his opinion. *Id.* at 13-14. The ALJ found minimal evidence supporting Martin's claim of disabling pain. *Id.* at 14. Specifically, he wrote: "[t]he Claimant's testimony including that of pain and functional limitations when compared against the minimal objective evidence was not credible in representing a disabling condition." *Id.*

Even though he found that the alleged symptoms are not supported by the objective evidence, the ALJ must still consider other factors, such as (1) the claimant's daily activities; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Scheck v. Barnhart*, 357 f.3d 697, 703 (7th Cir. 2004). These areas were all addressed briefly in the ALJ's opinion and in much greater detail during the October 13, 2004 administrative hearing when the ALJ directly questioned Martin. *Id.* at 13, 174-182. Because the ALJ addressed all of these areas—particularly during his direct questioning of Martin—and because "[t]he credibility determinations of an ALJ are entitled to special deference," we find that the ALJ did not err in concluding that Plaintiff still had the residual functional capacity to perform light work. *Id.* at 703.

In his second argument, Plaintiff contends that the ALJ's selection of circuit board checker as "past relevant work" was an error. The definition of "past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560 (2005). Plaintiff does not make a facial challenge to any of the elements in this definition. Rather, Plaintiff argues that analyzing only one of his past occupations, the circuit board checker position, was error.

Plaintiff bases this argument solely on the following quotation, "To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past . . . is contrary to the letter and spirit of the Social Security Act." This sentence was used as part of a longer block quotation in Plaintiff's Memorandum. However, only after inquiry, the Court discovered that this quotation is from *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir.1985). Not only does the block quotation incorrectly quote this case, but *Valencia* does not stand for the premise which Plaintiff claims it does.

In *Valencia*, the Plaintiff Fidelia Valencia sought disability benefits. 751 F.2d at 1084. She had previously worked for two years as an agricultural laborer where her job functions included "hoeing and harvesting tomatoes, harvesting cherries, and sorting tomatoes at a machine." *Id.* at 1086. In her administrative proceeding, the ALJ determined that her work as an agricultural laborer was "medium" grade. *Id.* However, the Appeals Council decided that her past relevant work included "light" work simply because part of her work functions, namely sorting tomatoes, could be considered "light." *Id.* The Ninth Circuit flatly rejected this notion that one's past relevant work could be classified as "light" because one facet of her job was "light" while the bulk of it was "medium." *Id.* at 1087.

Instantly, Martin's case is clearly distinguishable from *Valencia*. The vocational expert at Martin's administrative hearing concluded that his position as a circuit board checker was at the "light unskilled level." (R. at 14.) This determination encompassed all facets of Martin's circuit board position, which he held for upwards of a year, whereas the ALJ in *Valencia* made the determination that her past relevant work included a position of light work because one small facet

of one job could be classified as light work. Therefore, the ALJ did not commit error by classifying the circuit board checker position as "past relevant work."

## Conclusion

We find the Commissioner's decision that Martin is not disabled is supported by substantial evidence. Accordingly, Martin's motion for summary judgment is denied and the Commissioner's motion for summary judgment is granted. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** JAN 3 0 2006